UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sysco Minnesota, Inc.,                                                        Civ. No. 17-5162 (PAM/BRT)

           Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Teamsters Local 120,

           Defendant.

---

This matter is before the Court on Plaintiff Sysco Minnesota, Inc.'s renewed Motion for Attorney's Fees and other costs and expenses. The Court initially denied Plaintiff's Motion pending Defendant Teamsters Local 120's appeal. (Docket No. 75.) The Eighth Circuit Court of Appeals affirmed this Court's grant of summary judgment in Sysco's favor (Docket No. 82), and Sysco has renewed its motion for fees, costs, and other expenses.

**A.**     **Attorney's Fees**

Sysco asks the Court to award it attorney's fees of $234,505.50, contending that its attorneys spent more than 583 hours litigating this matter. In support, Sysco submitted time records and declarations to establish the hourly rate it seeks. Local 120 does not dispute the hours worked or the hourly rates claimed, but argues that neither the statute nor caselaw support the award of attorney's fees here.

Sysco brought this action under section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. This section "does not authorize an award of attorneys' fees to the prevailing party." Actors' Equity Ass'n v. Am. Dinner Theatre Inst., 802 F.2d 1038, 1043

(8th Cir. 1986). Rather, "attorneys' fees may be awarded in an action brought under section 301 . . . only where the losing party clearly acted in bad faith." Id. at 1042. Sysco's opening brief omits this precedent, arguing merely that a prevailing party may be awarded fees in an action brought under section 301. Only in its reply memorandum does Sysco concede that attorney's fees are available only on a finding of bad faith. It argues that Local 120 exhibited bad faith in the conduct giving rise to this litigation and that therefore attorney's fees are appropriate.

Bad faith means that the party's position is "frivolous, unreasonable, or groundless" or where the party "continued to litigate after it clearly became so." Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). Sysco notes that both this Court and the Court of Appeals found Local 120's position to be without merit. But this Court must

> resist the understandable temptation to engage in post hoc reasoning by concluding that, because a [party] did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective [litigant] be sure of ultimate success.

Christiansburg Garment, 434 U.S. at 421-22.

Although the Court found that Local 120 breached its agreement with Sysco, Local 120's conduct does not rise to the level of bad faith. Sysco's request for attorney's fees is denied.

**B.    Prejudgment Interest**

Sysco asks the Court to amend its judgment to include prejudgment interest of $25,487.92, calculated from the date of Local 120's violation of the parties' collective

2

bargaining agreement.[1]  Local 120 opposes Sysco's request, arguing that prejudgment interest is not available because Sysco did not suffer all of its damages here on the date of the illegal picket, the damages were not ascertainable without expert testimony, and Local 120 asked Sysco to arbitrate, rather than litigate, its claims.  Local 120 does not otherwise take issue with Sysco's calculation of prejudgment interest.

Had Local 120 sought arbitration immediately on the lawsuit's filing, its delay argument might be persuasive.  As this Court and the Court of Appeals found, however, Local 120 waited more than nine months before mentioning arbitration in this matter, and thus waived any right to arbitrate this matter.  Its argument in that regard is not well taken.

"[P]rejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable."  Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 752 (8th Cir. 1986).  Local 120 has not pointed the Court to any such exceptional or unusual circumstances here.  While it may be true that Sysco would not have had the benefit of the entire damages amount on the date from which Sysco calculates prejudgment interest, that date is not unreasonable in light of the conduct of Local 120.  Moreover, as Local 120 argues in opposing Sysco's request for expert-witness fees, the expert here merely added numbers to determine Sysco's damages.  Those damages were sufficiently ascertainable, and prejudgment interest will be awarded in the amount Sysco seeks.

---

[1] Although the heading in Sysco's supporting memorandum also mentions post-judgment interest (Docket No. 86 at 1), Sysco makes no argument regarding such interest.

3

C.   **Expert Witness Fees**

Sysco asks the Court to tax expert-witness costs in the amount of $38,072.50 "for the necessary services of its expert witness." (Pl.'s Supp. Mem. (Docket No. 86) at 7.) According to Sysco, the expert's testimony was required to accurately determine Sysco's damages, and Sysco points out that the Court awarded Sysco the full amount of its expert-verified damages, $1,238,315.00.

The award of costs such as witness fees is generally limited to those costs enumerated in 28 U.S.C. § 1920. The statute allows for the compensation of "court-appointed experts" but does not otherwise address fees for party-retained expert witnesses. Id. § 1920(6). Rule 26, however, provides authority for payment of some expert-witness costs; "Read together, these rules allow for the recovery of witness fees related to the deposition" of an expert witness. Stanley v. Cottrell, Inc., 784 F.3d 454, 464 (8th Cir. 2015). Sysco relies on Stanley to argue that the taxation of its expert witness's entire fee is reasonable, but Stanley provides no support for that contention. Rather, Stanley expressly found that Rule 26 allows charging the losing party with an expert's fee for appearing at a deposition and "responding to discovery." Id. at 464-65. The decision does not support imposing the full amount of an expert's fee on the losing party. And the other authority on which Sysco relies is not on point. See, e.g., Welsch v. Likins, 68 F.R.D. 589, 598 (D. Minn. 1975) (Larson, J.) (awarding expert fees in class action challenging Minnesota's civil-commitment requirements because those fees were "particularly necessary under the circumstances" of the case). Sysco's expert witness's contributions to

this case were not "particularly necessary" nor was the case complex. Sysco is not entitled to taxation of its expert witness's fee.[2]

**D.    Private Service-of-Process Fees**

Sysco contends that the Court should tax $215 for service of the summons and complaint by a private process server. Sysco argues that, because the Marshal in the District of Minnesota no longer serves process in civil matters absent a Court order, private process fees must be taxable.

But the Eighth Circuit has not retreated from its holding that the cost of a private process server is not taxable. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). Until it does so, this Court is not free to disregard this holding. Sysco's request for the cost of a private process server is denied.

**E.    Other Costs**

Sysco also asks the Court to tax witness fees for its non-expert witnesses of $120.00, $400 for the filing fee, $6,976.45 for transcripts, $41.00 for copying, and $20.00 for docket fees. (See Docket No. 84 (Bill of Costs).) Local 120 does not oppose the taxation of any of these items and the Court will amend the Judgment to include these costs.

**CONCLUSION**

Sysco is entitled to the amount of costs it requests in its Bill of Costs, with the exception of $215 for private service of process. Sysco is also entitled to prejudgment

---

[2] Sysco's Bill of Costs (Docket No. 84) claims a total of $535.90 in witness fees, including $371.41 for the deposition of its expert witness. Local 120 does not take issue with this amount, and it appears to be taxable under Stanley and § 1920(6).

interest. The remainder of its request for attorney's fees and other costs and expenses is denied.

    Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's renewed Motion for Attorney's Fees and for Other Costs and Expenses (Docket No. 85) is **GRANTED in part** and **DENIED in part**;

2. Plaintiff is entitled to prejudgment interest of $25,487.92;

3. The Bill of Costs (Docket No. 84) is **GRANTED in part** and **DENIED in part**, and Plaintiff is entitled to a cost judgment of $7,973.35; and

4. The Clerk of Court shall **AMEND** the Judgment (Docket No. 63) to include these costs and prejudgment interest, in addition to the previously ordered judgment amount.

Dated: July 20, 2020

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge